# In the United States Court of Federal Claims

No. 23-620C
(Filed: May 7, 2024)
**NOT FOR PUBLICATION**

```
**************************************
ARTHUR LOPEZ,                          *
                                       *
              Plaintiff,               *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
              Defendant.               *
                                       *
**************************************
```

## OPINION AND ORDER

Plaintiff Arthur Lopez, proceeding *pro se*, seeks $300 million in compensation for an alleged taking. *See* Compl. (ECF 1). The government has moved to dismiss under RCFC 12(b)(1) and 12(b)(6).[1] The motion to dismiss is **GRANTED**.

The Tucker Act limits this Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — to specific types of claims, most commonly non-tort claims for money damages. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that

---

[1] *See* Mot. to Dismiss (ECF 11). Mr. Lopez has filed a response (ECF 16).

*pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

To be entitled to compensation under the Takings Clause, a plaintiff must "show that the United States, by some specific action, took a private property interest for public use without just compensation." *Mandry v. United States*, 165 Fed. Cl. 170, 172–73, *aff'd*, 2023 WL 7871692 (Fed. Cir. 2023). "A compensable taking arises only if the government action in question is authorized." *Del-Rio Drilling Programs v. United States*, 146 F.3d 1358, 1362 (Fed. Cir. 1998) (citing *United States v. North Am. Transp. & Trading Co.,* 253 U.S. 330, 333 (1920)). Though a government officer's behavior is not unauthorized merely because it is unlawful, *see id.* (citing *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 695 (1949)), an officer must "act[] within the normal scope of his duties" in order for his actions to give rise to a compensable taking. *See id.* at 1363 (quoting *Ramirez de Arellano v. Weinberger*, 724 F.2d 143, 151 (D.C. Cir. 1983)).

A plaintiff is only entitled to compensation under the Takings Clause when he has "a valid property interest at the time of the taking[.]" *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001). Whether a valid property interest exists must be determined with respect to "existing rules or understandings that stem from an independent source such as state law." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

Mr. Lopez alleges that the government has taken "everything from his possession, including children and family." Compl. at 4. First, Mr. Lopez's children and family are not his property, so the Takings Clause of the Fifth Amendment does not apply to anything that the government or its agents may have done to separate Mr. Lopez from his family. Any claims that Mr. Lopez could bring that are related to these allegations would be torts, and this Court has no jurisdiction over tort claims. *See* U.S.C. § 1491(a)(1). Second, Mr. Lopez does not plead that any of the actors that he alleges took his property from him were authorized to do so by the government, nor did he plead that they did so "within the normal scope of their duties."

Even if Mr. Lopez had identified a cognizable property interest of which he was deprived, his complaint does not allege any specific actions taken by the government that would constitute a compensable taking. Mr. Lopez mentions no specific pieces of property that were taken from him, nor any date on which they were taken from him, nor any specific individual or agency who took them. "[A] pro se plaintiff must still satisfy [his] burden to establish jurisdiction," *Sanders v. United States*, 779 Fed. Appx. 737, 739 (Fed. Cir. 2019), and because Mr. Lopez has not alleged any specific

action taken by the United States or its agents to deprive him of any piece of property, he has not properly pled a claim for just compensation under the Fifth Amendment.

Mr. Lopez also alleges that he has been wrongfully denied Social Security Disability benefits. *See* Compl. at 6. But as the Federal Circuit has already informed Mr. Lopez, this Court has no jurisdiction over claims to social security benefits. *Lopez v. United States*, 2023 WL 7096921 at *2 (Fed. Cir. 2023).

Mr. Lopez further asks this Court to "take Judicial Notice" of a fall that he allegedly took at a Marine Corps office in California. Compl. at 6. Mr. Lopez alleges that the Marine Corps refused to provide him with a videotape of the incident during the discovery phase of a prior lawsuit that he brought against it. *See id.* at 6–7. First, this Court has no jurisdiction over tort claims, like Mr. Lopez might bring relating to his fall. Second, this Court cannot review discovery violations that occurred during a case before another court. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.").

Because Mr. Lopez has not alleged facts sufficient to establish that this Court has jurisdiction, his case must be dismissed.

I have reviewed the complaint in its entirety, and I am unable to identify any claims within this Court's jurisdiction. Defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Mr. Lopez's motion to proceed *in forma pauperis* (ECF 2) is **GRANTED** and his motion for electronic filing (ECF 9) is **DENIED**. His outstanding motion to certify received by the Court on January 25, 2024, shall be **FILED BY MY LEAVE**. Because this opinion constitutes a final judgment that Mr. Lopez may appeal as of right, the motion is **DENIED AS MOOT**. Mr. Lopez has also filed two subpoena requests received by the Court on June 9, 2023, and duplicate filings on June 27 and 28, 2023.

These shall be **FILED BY MY LEAVE** and **DENIED** to the extent that they request any relief.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
